730 F.2d 1403
 Fed. Sec. L. Rep. P 91,466
Mark VILLENEUVE, individually, and on behalf of all other
persons similarly situated, Plaintiffs-Appellants,
v.
ADVANCED BUSINESS CONCEPTS CORPORATION, et al., Defendants-Appellees.
 No. 81-5975.
 United States Court of Appeals,
Eleventh Circuit.
 April 27, 1984.
 
 Carl H. Hoffman, Coral Gables, Fla., for plaintiffs-appellants.
 Rosalind C. Cohen, Atty., Jacob H. Stillman, Jonathan Eddison, Washington, D.C., for amicus, The S.E.C. (U.S.A.).
 Lanny E. Perkins, Dallas, Tex., for defendants-appellees.
 Vernon W. Haas, pro se.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Villeneuve instituted this action individually and on behalf of a class comprised of other area purchasers seeking recoupment of investments from the appellee, Advanced Business Concepts Corporation (ABC). The district court granted ABC's motion for partial summary judgment finding that the purchaser agreements were not securities as defined by the Securities Act of 1933 and the Securities Exchange Act of 1934. A panel of this court affirmed the district court's decision. Villeneuve v. Advanced Business Concepts Corp., 698 F.2d 1121 (11th Cir.1983).[1] We granted rehearing en banc to determine whether the area purchaser agreement in this case is an investment contract and consequently a security.
 
 
 2
 Villeneuve entered into an area purchaser agreement with ABC to become a distributor for the sale of self-watering flower planters. ABC stimulated Villeneuve's interest in investing through the use of advertisements stating the ease with which profits could be realized in this business. When Villeneuve made his initial investment, ABC provided him with self-watering planters and a display rack in an established store. The agreement required Villeneuve to periodically check and restock the displays with planters ordered from ABC. Under the agreement, Villeneuve and the store each received half of the profits derived from the sale of the self-watering planters. When Villeneuve failed to realize the profits he had expected from his investment, he instituted this action. He alleged in his complaint that the purchaser agreement is an investment contract and therefore a security as defined in section 2(1) of the Securities Act of 1933, 15 U.S.C. Sec. 77b(1), and section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78c(a)(10). He further asserted that because the area purchaser agreement is a security, ABC is in violation of sections 12(1) and 12(2) of the Securities Act of 1933, 15 U.S.C. Secs. 77l (1), (2), for selling unregistered securities.
 
 
 3
 In United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), the Supreme Court held that the touchstone of an investment contract for purposes of the securities acts is "the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." Id. at 852, 95 S.Ct. at 2060. Twenty-nine years earlier, the Court had formulated the test of an investment contract as "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." S.E.C. v. W.J. Howey Co., 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946). The Court used Forman as the occasion to reaffirm the Howey test, observing that "[t]his test, in shorthand form, embodies the essential attributes that run through all of the Court's decisions defining a security." 421 U.S. at 852, 95 S.Ct. at 2060.[2]
 
 
 4
 We discern no basis for concluding that the profits which Villeneuve expected to realize were to be derived from ABC's entrepreneurial or managerial efforts. We therefore affirm the decision of the district court that the area purchaser agreement in this case is not an investment contract and consequently not a security.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The granting of the request for en banc consideration, by operation of law, vacated the panel opinion. See 11th Cir.R. 26(k)
 
 
 [2]
 Because we conclude that Villeneuve's contract does not satisfy the test of an investment contract articulated either in Forman or in S.E.C. v. Koscot Interplanetary, Inc., 497 F.2d 473 (5th Cir.1974), this case does not present the opportunity to determine whether the rule adopted in Koscot and the line of cases that followed conflicts with the requirements of Forman